UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LeRoy Wons,

                Petitioner,            Case No. 1:20-cv-976

v.                               Honorable Paul L. Maloney

Mindy Braman,

                Respondent.
_____/

## ORDER

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court conducted a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases. The Court concluded that Petitioner had failed to timely file his petition, but allowed Petitioner 28 days to show cause why his petition should not be dismissed as untimely. (Op. and Order, ECF No. 3, 4.) Petitioner responded on October 29, 2020. (ECF No. 5.)

        Petitioner explains why he did not timely file his petition for the first five years after his conviction became final. He reports that he was in mental health facilities addressing the symptoms of post-traumatic stress disorder. But Petitioner fails to explain why he was unable to timely file either a habeas petition or a motion or relief from judgment in the state court from 2005 to 2019. Nor does Petitioner explain why he was able to file a motion in state court during 2019 when he failed to act before that date.

        In the petition, Petitioner offered the following reason for the delay:

> I have ALWAYS been told by legal writers and law librarians alike that I could not have ANY lower sentence because "you admitted you killed the guy while his back was to you." I did not kill the decedent (in my REALITY). On September 29, 1999, I was ACTUALLY killing the SLIMEBALL (Brett Arther Noug) who

> stabbed my daddy to death IN FRONT OF ME.  I have P.T.S.D.  For 13 years I
> have been told to lay back and do my time, it has only been for the last 2 years I
> have got serious enough to say "never mind what they say—this is my life they're
> playing with."  An element of second-degree murder did not exist in my trial.  [It]
> was without provocation or justification.

(Pet., ECF No. 1, PageID.14.)  Thus, as the Court noted in the prior opinion, it appears Petitioner delayed filing, despite being aware of his claims, because others suggested that his trial result was favorable.  There is no claim that any extraordinary circumstance prevented Petitioner from filing and his conduct cannot be described as diligent.

In addition, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004); *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, based on the petition, and now Petitioner's attempt to show cause for the untimeliness of his petition, Petitioner is not entitled to equitable tolling of the statute of limitations.  Moreover, as set forth in the Court's prior opinion, Petitioner has not demonstrated actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995), to avoid the statute of limitations bar.

Petitioner has failed to show cause to excuse the tardy filing of his habeas petition. The Court will enter judgment dismissing the petition with prejudice.

The Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d

2

466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely.  It is more than two decades late.  Therefore, a certificate of appealability will be denied. Moreover, for the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly,

**IT IS ORDERED** that a certificate of appealability is **DENIED**.


Dated:   November 13, 2020                         /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge

3